# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ALLEN MILLICAN,<br><br>              Plaintiff,<br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>              Defendant. | Case No. 09cv2783 BTM(WVG)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

Plaintiff has filed a motion for summary judgment. Defendant has filed a cross-motion for summary judgment. For the reasons discussed below, Plaintiff's motion for summary judgment is **GRANTED** and Defendant's cross-motion for summary judgment is **DENIED**.

### I. PROCEDURAL BACKGROUND

On September 26, 2007, Plaintiff filed an application for Disability Insurance Benefits. Plaintiff's application was denied initially and upon reconsideration. Plaintiff requested a hearing before an Administrative Law Judge. The hearing was held on July 9, 2009, before Administrative Law Judge Peter J. Valentino ("ALJ"). On August 10, 2009, the ALJ issued a decision denying Plaintiff's application for benefits. Plaintiff filed a request for review with the Appeals Council, which was denied. Plaintiff seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## II. ALJ'S FINDINGS AND CONCLUSIONS

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2011, and has not engaged in substantial gainful activity since October 18, 2006, the alleged onset date.

The ALJ found that Plaintiff has the following severe impairments: multi-herniated disc, chronic pain, PTSD and depression. The ALJ also found that Plaintiff's impairment or combination of impairments do not meet or equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

The ALJ determined that Plaintiff has the residual functional capacity to perform light work, as defined in 20 C.F.R. § 404.1567(b), except no ladders, scaffolds, vibration, or hazards, and a limitation to work involving simple repetitive tasks and limited public contact. Based on the VE's testimony, the ALJ concluded that Plaintiff would be able to perform the requirements of representative occupations such as a small parts assembler (DOT 929.587-010), textile filler (DOT 780.687-046), and textile folder (DOT 789.687-066).[1] Accordingly, the ALJ found that Plaintiff had not been under a disability from October 18, 2006, through the date of the decision.

## III. STANDARD

The Commissioner's denial of benefits may be set aside if it is based on legal error

---

[1] Under the Social Security Regulations, the determination of whether a claimant is disabled within the meaning of the Social Security Act is a five step process. The five steps are as follows: (1) Is the claimant presently working in any substantially gainful activity? If so, then the claimant is not disabled. If not, then the evaluation proceeds to step two. (2) Is the claimant's impairment severe? If not, then the claimant is not disabled. If so, then the evaluation proceeds to step three. (3) Does the impairment "meet or equal" one of a list of specific impairments set forth in Appendix 1 to Subpart P of Part 404? If so, then the claimant is disabled. If not, then the evaluation proceeds to step four. (4) Is the claimant able to do any work that she has done in the past? If so, then the claimant is not disabled. If not, then the evaluation proceeds to step five. (5) Is the claimant able to do any other work? If not, then the claimant is disabled. If, on the other hand, the Commissioner can establish that there are a significant number of jobs in the national economy that the claimant can do, the claimant is not disabled. 20 C.F.R. § 404.1520. See also Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

or is not supported by substantial evidence. Jamerson v. Chater, 112 F.3d 1064, 1066 (9th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance. Id. Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." Flaten v. Secretary of Health & Human Servs., 44 F.3d 1453, 1457 (9th Cir. 1995).

## IV. DISCUSSION

Plaintiff argues that the ALJ erred in relying on a report by Dr. Davis Suskind dated February 9, 2009. According to Plaintiff, this report is not actually included in the administrative record.

The report is included as Exhibit 27F in the Court's certified copy of the administrative record (AR 702-714) and is listed in the "Court Transcript Index" dated February 3, 2010. According to Defendant, their copy of the administrative record also includes Exhibit 27F. The Court assumes that Plaintiff contends that Exhibit 27F is missing from the original administrative file.[2] The Court has no way of knowing whether this is the case.

However, whether Exhibit 27F is part of the original administrative file or not, it appears that Plaintiff may not have had an adequate opportunity to address Dr. Suskind's report. During the July 9, 2009 hearing, the ALJ referred to Exhibits 1-25 only. (AR 30.) Exhibits 26F and 27F appear to have been faxed on July 8, 2009, a day before the hearing. The fact that no mention was made of Exhibits 26F and 27F at the hearing indicates that the ALJ did not consider these exhibits until *after* the hearing. However, it does not appear that Plaintiff was notified of the ALJ's consideration of this additional evidence or given the opportunity to respond to Dr. Suskind's report.

Courts have held that an ALJ denies a claimant due process by considering a post-hearing vocational or medical report without giving the claimant an opportunity to cross-examine the vocational expert or physician or otherwise present rebuttal evidence. In Allison

---

[2] The report is stamped "confidential," leading the Court to wonder if sealed or confidential documents are filed separately from the main file.

v. Heckler, 711 F.2d 145, 147 (10th Cir. 1983), the Tenth Circuit held: "An ALJ's use of a post-hearing report constitutes a denial of due process because the applicant is not given the opportunity to cross-examine the physician or rebut the report." Similarly, in Wallace v. Bowen, 869 F.2d 187, 192 (3d Cir. 1988), the Third Circuit explained, "We believe, however, that it is unmistakable under the statute that the Secretary may not rely on post-hearing reports without giving the claimant an opportunity to cross-examine the authors of such reports, when such cross-examination may be required for a full and true disclosure of the facts." See also Lonzollo v. Weinberger, 534 F.2d 712 (7th Cir. 1976) (holding that claimant was denied due process where the Appeals Council considered materials not presented at the ALJ hearing – a report of a doctor the claimant saw after the hearing in addition to new materials from the file of a VA hospital where the claimant had been previously treated — without giving the claimant the opportunity to subpoena and cross-examine the doctor).

Furthermore, the Social Security Administration's own regulations provide for giving the claimant notice of evidence obtained or developed after the hearing and the opportunity to review and comment on the additional evidence:

> Opportunity to review and comment on evidence obtained or developed by us after the hearing. If, for any reason, additional evidence is obtained or developed by us after your disability hearing, and all evidence taken together can be used to support a reconsidered determination that is unfavorable to you with regard to the medical factors of eligibility, we will notify you, in writing, and give you an opportunity to review and comment on the additional evidence. You will be given 10 days from the date you receive our notice to submit your comments (in writing or, in appropriate cases, by telephone), unless there is good cause for granting you additional time, as illustrated by the examples in § 404.911(b). Your comments will be considered before a reconsidered determination is issued. If you believe that it is necessary to have further opportunity for a hearing with respect to the additional evidence, a supplementary hearing may be scheduled at your request. Otherwise, we will ask for your written comments on the additional evidence, or, in appropriate cases, for your telephone comments.

20 C.F.R. § 404.916(f). It does not appear that Plaintiff received any such notice.

To make matters worse, it appears that Plaintiff may not have ever seen the report or known of its existence. The report itself states: "I would recommend that this psychiatric re-evaluation be kept CONFIDENTIAL. This report should be used only for forensic (workers compensation) purposes. It should not be made available to Mr. Millican or to his employer

or supervisors. This report could be detrimental or psychologically harmful to Mr. Millican or to others, if he should read and misunderstand or misinterpret its contents." (AR 713.)

If the ALJ's failure to give Plaintiff an opportunity to comment on Dr. Suskind's report was harmless error, no remand would be necessary. See, e.g., Hart v. Massanari, 20 Fed. Appx. 668 (9th Cir. 2001) (holding that any error that may have resulted from the claimant's inability to comment on post-hearing reports was harmless). However, the Court cannot reach such a conclusion. In his report, Dr. Suskind opined that Plaintiff was only minimally psychiatrically impaired in his capacity to comprehend and follow instructions and perform simple and repetitive tasks, and had "very slight" impairment with respect to ability to maintain an appropriate work pace, perform complex and varied tasks, relate to others, effectively influence people on a consistent basis, make decisions and evaluations without immediate supervision, and accept and carry out responsibility for direction, control, and planning. (AR 712.) The ALJ placed significant weight on Dr. Suskind's report in rejecting Plaintiff's testimony regarding his disabling symptoms and limitations. (AR 15.)

Because there is a question as to whether Plaintiff had notice or knowledge of the ALJ's post-hearing consideration of Dr. Suskind's report, the Court vacates the ALJ's decision and remands the case so that Plaintiff can be afforded the opportunity to rebut the evidence and/or request an additional hearing.

## V. CONCLUSION

For the reasons discussed above, Plaintiff's motion for summary judgment is **GRANTED**, and Defendant's cross-motion for summary judgment is **DENIED**. The ALJ's decision is **VACATED** and the case is **REMANDED** for proceedings consistent with this decision.

**IT IS SO ORDERED.**

DATED: July 9, 2010

Honorable Barry Ted Moskowitz
United States District Judge